Wilde J.
delivered the opinion of the Court. It appears by the deposition of Sage, that the note was indorsed and delivered over to the plaintiffs at New York, in payment on *543 a purchase of flour, and at the time, one of the plaintiffs observed to the defendant, that he had no confidence in any of the other parties to tire note, and did not know them, and that he should look wholly to the defendant. That he thereupon replied, that he should be in New York, when the note would become due, and would then take it up, if it were not paid by any other party to it.
Lamb also testifies that he was an indorser of the note in question, which was offered for discount at one of the New York banks, but it was rejected. After which the defendant informed Lamb, that the plaintiffs had agreed to receive the note for flour. Lamb objected to the note’s being passed to the plaintiffs with his indorsement, unless the defendant would agree to pay the note when it became due. The defendant said he had so agreed with the plaintiffs, unless it should be paid by the maker or indorsers ; and he then agreed with Lamb, that he would pay the note,, unless it were paid by the maker or first indorser. This is the principal evidence on which the plaintiffs rely in support of the verdict.
The question then is, what is the reasonable construction of the agreement between the parties at the time when the note was received by the plaintiffs, and what may fairly be presumed to have been their understanding.
The defendant’s counsel say, in the first place, that it was nothing more than the law would imply, in case no agreement had been expressly made ; but we think it very clear that such a construction cannot be admitted. It neither comports with the terms of the promise, nor with the circumstances in relation to which it was made. The agreement is to pay on one condition only, namely, if the maker or indorsers do not.
The terms of the defendant’s agreement, therefore, do not require the plaintiffs to give notice of the non-payment by the maker, according to the law where the plaintiffs rely on an implied promise, nor would it be necessary in an action on such a promise, to declare that notice had been given within any particular time, because, by the terms of the promise, payment is to be made on one contingency only; *544 and it would be sufficient to aver that the contingency had happened. Besides, the occasion of the promise is to be regarded. It was made to obviate a difficulty suggested by the plaintiffs, and we cannot give it such a construction as would render it wholly nugatory.
Then it is contended that the promise was at the most only an assurance of punctuality; and this seems a plausible construction, taken in connexion with the fact, that the plaintiffs did attempt to give notice to the several parties to the note, including the defendant, and attempted to prove such notice at the trial. But on the whole, we think the construction of the agreement adopted by the jury is more reasonable, and more in conformity with the probable understanding of the parties. The only objection the plaintiffs could have to receiving the note, must have arisen from the difficulty and hazard of giving legal notice to the indorsers, of whom the defendant was one, and as they did not know the other parties, and intended to look to him only, it would doubtless have been more to their advantage to have taken a note from him directly. He was not an inhabitant of New York, and his place of residence might or might not have been known; nevertheless, a question might arise as to the legality of notice. It was probably to obviate this difficulty, that the promise was given, and we think the jury did not err in giving it this construction. We do not think the steps taken by the plaintiffs to give notice ought to have much weight. There was no agreement in writing to waive notice, nor is the evidence now produced entirely explicit. The plaintiffs might not have known that Sage would recollect the agreement, or that Lamb had any knowledge of it; or if they had knowledge of all this, they might be doubtful how it might be considered in a court of law. The defendant’s counsel consider it as very deficient, and as not even tending to prove a waiver. These considerations would certainly induce careful and prudent men, situated as the plaintiffs were, to give the legal notice, to prevent all possible controversy. But tile defendant’s counsel contend that the promise proved was conditional, and that no conditional promise to pay can *545 amount to a waiver of the right of notice. We think it however immaterial, whether the promise was conditional, or absolute ; for a promise depending on a contingency is as binding, when the contingency happens, as an unconditional undertaking.
We think therefore that the evidence is sufficient to maintain the verdict, and that the defendant’s motion for a new trial must be overruled.

Judgment according to verdict.